IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JAMES E. SMITH,** | ) | 1:07-CV-1431-OWW WMW |
| Petitioner, | )<br>) | **ORDER DISMISSING<br>PETITION WITHOUT** |
| vs. | ) | **PREJUDICE** |
| **THE UNITED STATES<br>GOVERNMENT,** | )<br>) | |
| Respondent. | ) | |

    Petitioner is a state prisoner proceeding pro se on a petition for relief. In the caption of his petition, Petitioner cites the All Writs Act, 28 U.S.C. § 1651; 11 U.S.C. § 207; 42 U.S.C.§ 2000cc -1; Cal.Gov. § Code 810; and 28 U.S.C. § 1292(b).

    The All Writs Act provides that "all courts . . . may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles

of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. <u>Lights of America, Inc. v. United States District Court</u>, 130 F.3d 1369, 1370 (9th Cir. 1997). Second, Title 11 of the United States Code concerns Bankruptcy, which has no application here. Third, no litigant can pursue an action in this court based on a section of the California Government Code. That is, the California Government Code cannot bestow jurisdiction on this court. Fourth, 28 U.S.C § 1292 concerns interlocutory appeals to the Court of Appeals, which is not an issue in this case. Thus, the court finds that none of these legal authorities cited by Petitioner provide a jurisdictional basis for this case.

The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc -1, could possibly be a basis for an action by Petitioner, as Petitioner claims that he has been prevented from exercising his religion and seeks monetary damages. However, nothing in Petitioner's petition indicates that this is a situation in which an extraordinary writ is warranted. That is, there is no indication that Petitioner could not obtain the relief he seeks through a regular civil action. Thus, the court declines to issue an extraordinary writ in this case.

If Petitioner wishes to pursue an action based on the RLUISA, he should file a regular civil complaint citing that statute. Further, Petitioner is informed that a civil rights action pursuant to 42 U.S.C. § 1983 is generally the proper method for a prisoner to challenge the conditions of his confinement. In this case, Petitioner states that he is seeking relief from prison authorities stealing his personal property and violating his civil rights. It appears, therefore, that another proper vehicle for Petitioner to pursue his claims is through a civil rights action pursuant to 42 U.S.C. § 1983.

Based on the above, IT IS HEREBY ORDERED as follows:

1) The petition for relief is DISMISSED without prejudice to Petitioner's right to file an appropriate civil action; and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this

1      case.

3 IT IS SO ORDERED.

4 **Dated:   December 12, 2007**          **/s/ Oliver W. Wanger**
                                                               UNITED STATES DISTRICT JUDGE